UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

-against-

DAVID SCHWARTZ et al.,

                    Defendants

15 Crim. 835 (JGK) (S-1)


**MEMORANDUM OF LAW IN SUPPORT OF
DAVID SCHWARTZ'S MOTIONS FOR SEVERANCE
AND FOR A BILL OF PARTICULARS**


Michael Tremonte, Esq.
Valerie A. Gotlib, Esq.
Emily Burgess, Esq.
Sher Tremonte LLP
80 Broad Street, 13th Floor
New York, New York  10004
(212) 202-2600

*Attorneys for David Schwartz*


Dated:   New York, New York
            September 6, 2016

This memorandum is respectfully submitted in support of David Schwartz's pretrial motions seeking an order severing Mr. Schwartz's trial from his co-defendants, pursuant to Fed. R. Crim. P. 14 and compelling the government to provide a bill of particulars, pursuant to Fed. R. Crim. P. 7(f). Mr. Schwartz is charged, along with co-defendants Robert Rimberg and Francisco Saez, with conspiring to launder money, in violation of 18 U.S.C. §§ 1956(a)(3)(A) and (B), between 2009 and 2011. *See* Superseding Indictment, *United States v. Schwartz, et al.*, No. 15-cr-835 (JGK) (S.D.N.Y. Mar. 4, 2016), ECF No. 21, ¶¶ 1-3 (the "Indictment").

## ARGUMENT
### POINT I
#### SEVERANCE OF MR. SCHWARTZ'S TRIAL IS WARRANTED

Fed. R. Crim. P. inal 14(a) provides, in relevant part: "If the joinder of . . . defendants in an indictment . . . appears to prejudice a defendant . . . , the court may . . . sever the defendants' trials, or provide any other relief that justice requires." The determination of whether a defendant has met his burden of showing prejudice sufficient to justify severance is "committed to the sound discretion of the trial judge." *United States v. Constantinou*, 634 F. App'x 316, 317 (2d Cir. 2016). In exercising this discretion, trial courts consider several factors, including:

> (1) the number of defendants and the number of counts; (2) the complexity of the indictment; (3) the estimated length of the trial; (4) disparities in the degrees of involvement by defendants in the overall scheme; (5) possible conflict between various defense theories; and (6) prejudice resulting from evidence admissible as to some defendants, but not others.

*United States v. Riddles*, No. 12-cr-556 (LTS), 2013 WL 3975775, at *2 (S.D.N.Y. Aug. 5, 2013). "There are no precise tests applicable to . . . these factors that can provide a foolproof resolution," and "[n]one of the factors are themselves dispositive; instead, the court must decide whether the jury would be 'reasonably able' to consider the evidence as to each defendant separately, independent of the evidence against his or her coconspirators." *United States v.*

2

*Gallo*, 668 F. Supp. 736, 749 (S.D.N.Y. 1987); *see also Riddles*, 2013 WL 3975775, at *2 ("[T]he ultimate question is whether the jury can keep the evidence separate and render a fair and impartial verdict as to each defendant.") (quoting *United States v. Locascio*, 357 F. Supp. 2d 536, 543 (E.D.N.Y. 2004)).  Moreover, "the issue of severance . . . is clearly fact-driven" and "must necessarily be determined on a case-by-case basis, considering the totality of the circumstances." *United States v. Heatley*, No. S2 96-cr-515 (SS), 1997 WL 12961, at *2 (S.D.N.Y. Jan. 14, 1997); *see also Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("The risk of prejudice will vary with the facts in each case. . . .").

      An evaluation of the relevant factors indicates that severance is warranted.  The Indictment charges the defendants with involvement in a money laundering conspiracy.  Though Mr. Schwartz is alleged to have committed acts distinct from those of his co-defendants, and was principally residing and working in a different city from his co-defendant and law partner Rimberg (Mr. Schwartz resided and worked principally in Los Angeles while Rimberg resided and worked principally in New York), the similarities between the acts allegedly committed by Mr. Schwartz and those allegedly committed by his co-defendants pose a significant, undue risk of confusing the jury.  In *United States v. Upton*, 856 F. Supp. 727 (E.D.N.Y. 1994), a case involving analogous facts, severance was found to be warranted.  In *Upton*, two groups of defendants – one in an Atlanta airport and another in a New York airport – were alleged to have committed similar acts involving the installation of faulty airplane equipment and falsification of related paperwork.  *Id.* at 736.  The court found that severing the trial of the Atlanta defendants from that of the New York defendants was appropriate because "the substantive acts alleged in the Atlanta airport counts . . . are similar in kind to the acts alleged in the [New York airport] counts," such that "the jury . . . may find it difficult to distinguish the evidence relating from the

Atlanta defendants from that relating to the others," and "the jurors may not be able to prevent themselves from attributing the evidence [relating to misconduct in New York] to the uninvolved [Atlanta] defendants." *Id.*

Here, as in *Upton*, the defendants are based principally in two different locations – Mr. Schwartz in Los Angeles, Rimberg in New York – and the government alleges Mr. Schwartz engaged in acts "similar in kind" to those of his co-defendants.  As in *Upton*, a significant risk exists that, even given a limiting instruction, jurors will find it difficult to distinguish the evidence relating to Mr. Schwartz from the evidence relating to Saez and Rimberg, and will be unable to prevent themselves from improperly attributing evidence of Saez and Rimberg's alleged wrongdoing to Mr. Schwartz.

The Second Circuit has recognized that the risk of such spillover prejudice is heightened in cases where the evidence could "influence a jury to attribute criminal intent to ambiguous conduct associating a particular defendant with a conspiracy," *United States v. Cervone*, 907 F.2d 332, 342 (2d Cir. 1990), even though "a defendant's mere . . . association with conspirators does not constitute intentional participation in the conspiracy."  *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008).  Such is the case here, because there is a significant risk that a jury may improperly attribute criminal intent to Mr. Schwartz's ambiguous conduct (for example, vague comments made during phone calls with purported potential investors) and improperly conclude – based on his mere association with his co-defendants – that Mr. Schwartz knowingly participated in the charged conspiracy.

The damage caused by spillover prejudice in this case would be particularly significant because the similarity in the charges against the defendants masks the disparities in their individual roles in the charged conspiracy.  The Second Circuit has recognized that when a

CRITICAL

defendant is "peripheral" and his co-defendants are "persons constituting the nucleus of the alleged . . . conspiracy," *United States v. Kelly*, 349 F.2d 720, 743 (2d Cir. 1965), the "slow but inexorable accumulation of evidence" against the heavily involved co-defendants results in "inevitable prejudice" against the peripheral defendant. *Id.* at 759; *see also United States v. Branker*, 395 F.2d 881, 888 (2d Cir. 1968) (finding severance of trial of four defendants with minor roles from trial of three defendants with "central roles" in the charged conduct was warranted because "the mounting proof of the guilt of one is likely to affect another"); *United States v. Gilbert*, 504 F. Supp. 2d 565, 566 (S.D.N.Y. 1980) (suggesting that severance may be warranted where a defendant is a "silent partner" or a "peripheral defendant") (quoting *United States v. Corr*, 543 F.2d 1042, 1052 (2d Cir. 1976)).

Here, Mr. Schwartz's alleged role in the charged conspiracy is much less significant than the roles of either of his co-defendants, especially that of Saez, who first engaged the individuals claiming to be potential investors and formed an ongoing relationship with them.  Without Saez's cultivation of this relationship, the charged conspiracy would never have begun.  Absent such conduct, the charged conspiracy would have been frustrated.  Mr. Schwartz, by contrast, is alleged to have played a very minor role.  His participation, unlike that of his co-defendants, was not essential to the success of the charged conspiracy.

In addition to the risk of spillover prejudice, there is also an inevitable conflict between the defendants' theories of the case.  Though the Second Circuit has noted that such a conflict may support severance if the defendants' theories are "mutually exclusive," it has also noted that "severance should be granted when antagonism at the *essence* of the defenses prevails to such a degree – even *without* being mutually exclusive – that the jury unjustifiably infers that the conflict alone indicate[s] that both the defendants [a]re guilty."  *United States v. Cardascia*, 951

F.2d 474, 485 (2d Cir. 1991) (second emphasis added).  Such is the case here.  Though, as noted

above, Mr. Schwartz's role is the most peripheral and minor, his co-defendants will likely seek to

portray their participation as minimal and to inflate Mr. Schwartz's role.  The defense theories of

Mr. Schwartz and his co-defendants are not necessarily mutually *exclusive*, because the jury

could believe one or more of the defendants' arguments that his involvement in the conspiracy

was less extensive than that of his co-defendants but find, nonetheless, that all of the defendants

were sufficiently involved to be found criminally liable for the conspiracy.  Nonetheless, these

likely theories are mutually *antagonistic*, because the "antagonism at the *essence* of the

defenses" – specifically, the differences in their accounts of the charged conspiracy – will cause

the jury to "unjustifiably infer[ ] that the conflict alone indicate[s] that [all of] the defendants

[a]re guilty."  In other words, the fact that each of the defendants presents a different account of

the charged conspiracy will likely lead the jury to improperly infer, based on the conflict itself,

rather than the evidence against Mr. Schwartz, that Mr. Schwartz must have been sufficiently

involved in the charged conspiracy to be subject to criminal liability.

Courts have also found mutual antagonism sufficient to justify severance where one of

the co-defendants "call[s] a neutral third-party witness who . . . both contradict[s] the

Government's version of events and implicate[s] the defendant seeking severance, effectively

acting as a separate prosecutor."  *United States v. Nadeem*, No. 13-cr-0424 (BMC), 2014 WL

3563407, at *6 (E.D.N.Y. July 18, 2014) (citing *United States v. Copeland*, 336 F. Supp. 2d 223,

224-25 (E.D.N.Y. 2004)).  Though Mr. Schwartz has not been able to ascertain the particulars of

his co-defendants' trial strategies, there is a significant likelihood that Saez, Rimberg, or both

will present a neutral third-party witness who will offer testimony that contradicts the

government's version of events (*i.e.*, that all of the defendants together participated in the

6

charged conspiracy) implicates Mr. Schwartz as the principal architect of that conspiracy, and exculpates Saez, Rimberg, or both.

In sum, in light of the similarity of the acts and evidence relating to each of the defendants, the significant risk that jurors will improperly infer Mr. Schwartz had criminal intent on the basis of his association with his co-defendants, the fact that the charges in the Indictment mask the disparities between the roles of Mr. Schwartz and his co-defendants in the charged conspiracy, and the antagonism between the defendants' theories of the case, it is clear that a jury – even given appropriate limiting instructions – will be unable to consider the evidence against Mr. Schwartz independently and separately from the evidence against his co-defendants.  Thus, severance of Mr. Schwartz's trial from that of his co-defendants is necessary to ensure that the jury in his case renders a fair and impartial verdict.

## POINT II
### THE GOVERNMENT SHOULD BE REQUIRED TO PROVIDE A BILL OF PARTICULARS TO ENABLE MR. SCHWARTZ TO PREPARE ADEQUATELY FOR TRIAL

In general, "'an indictment is sufficient if it contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.'" *United States v. Alfonso*, 143 F.3d 772, 776 (2d Cir. 1998) (*quoting Hamling v. United States*, 418 U.S. 87, 117 (1974)).  However, a defendant has a right under the Fifth and Sixth Amendments to the United States Constitution to be informed of the nature of the charges against him.  Therefore, a court should order the government to file a bill of particulars when a defendant needs more detail to prepare adequately for trial and to prevent unfair surprise.  *See United States v. Bortnovsky*, 820 F.2d 572, 574-75 (2d Cir. 1987) (concluding that the district court's failure to order the government to provide a bill of particulars to the appellants "hindered [the appellants] in

preparing their defense" and "[i]n effect, the burden of proof was impermissibly shifted to appellants").  Moreover, the government cannot "fulfill its obligation merely by providing mountains of documents" in discovery and leaving the defendant to sift through them.  *Id* at 575; *see also, e,g., United States v. Bin Laden*, 92 F. Supp. 2d. 225, 234 (S.D.N.Y. 2000) ("It is no solution to rely solely on the quantity of information disclosed by the government; sometimes, the large volume of material disclosed is precisely what necessitates a bill of particulars."). Under these standards, a bill of particulars is warranted.

The Indictment contains only bare and general statements that Mr. Schwartz conspired to launder money represented to him to be the proceeds narcotics trafficking, and that he did so with the intent to promote narcotics trafficking.  There is nothing in the Indictment as to how, when, or by whom the representation that the money at issue was the proceeds of narcotics trafficking was communicated to Mr. Schwartz.  Although the discovery produced by the government includes materials that relate to Mr. Schwartz's business dealings, those materials who, if anyone, communicated to Mr. Schwartz that any funds were the proceeds of unlawful activity.

In its present form, though the Indictment suggests a broad conspiracy, it does not provide the information necessary to allow Mr. Schwartz to adequately prepare a defense to that charge.  Where, as in this matter, "the Government has failed to provide adequate notice of the particulars," and "the discovery has been voluminous, identification of known unindicted co-conspirators will help a defendant focus his investigation and prepare for trial."  *United States v. Nachamie*, 91 F. Supp. 2d 565, 572–73 (S.D.N.Y. 2000).  The request for the names of unindicted co-conspirators is a fairly common request and one that is generally granted by the district courts.  *See, e.g.*, *United States v. Failla*, No. 93-cr-294 (CPS), 1993 WL 547419, at *7

(E.D.N.Y. Dec. 21, 1993).  In determining whether to grant such a request, courts commonly consider, among other things: (i) the number of co-conspirators; (ii) the duration and breadth of the alleged conspiracy; (iii) whether the Government otherwise has provided adequate notice of the particulars; (iv) the volume of pretrial discovery; (v) the potential danger to co-conspirators and the nature of the alleged criminal conduct; and (vi) the potential harm to the Government investigation.  *Nachamie*, 91 F. Supp. 2d at 572.

In this case, each of the relevant considerations favors the grant of a bill of particulars. First, although the government has not identified the number of co-conspirators, the Rule 16 discovery contains materials relevant to dozens of individuals.  Second, the conspiracy is alleged to have lasted over two years.  Third, the government has not otherwise provided notice of the particulars of the conduct charged in the Indictment.  Though the government has produced discovery, it does not provide an adequate basis for the defense to determine what evidence and, specifically, what portions of the discovery, are relevant to the charged crimes.   Fourth, notwithstanding that much of it appears to be irrelevant to the charged conduct, the discovery is voluminous.  Fifth, there is no potential danger of harm to co-conspirators, as none of the offenses charged in the Indictment involve violence and the government does not allege that the defendant poses a danger to the community.  Finally, the government has not alleged that it will suffer any harm from disclosing the names of any unindicted co-conspirator and, in any event, any potential for such harm is clearly outweighed by Mr. Schwartz's need to prepare his defense for trial.

For the foregoing reasons, it is respectfully submitted that the Court order the government to provide a bill of particulars, containing the following information relating to the allegations in the indictment:

a.      Specifically identify the individuals referenced but not named in the Indictment. *See* S1 Ind. ¶¶ 1, 2, 3.

b.      Specify the "others known" to have conspired to commit the acts described in Count One of the Indictment.

c.      Specifically identify any instances of agreement by or among any individual or individuals involved in the alleged conspiracy referred to in Count One of the Indictment.

d.      Specifically identify the "financial transactions involving property represented to be the proceeds of … narcotics trafficking[.]" S1 Ind. ¶¶ 2, 3.

e.      Specify where, when, and by whom, the representation was made to Mr. Schwartz that the financial transactions at issue involved property that was the proceeds of narcotics trafficking. *See* S1 Ind. ¶¶ 2, 3.

## **<u>CONCLUSION</u>**

For the reasons stated, we respectfully request that the Court: (i) sever Mr. Schwartz's

trial from that of his co-defendants, and (ii) grant Mr. Schwartz's motion for a bill of particulars.

Dated: New York, New York
          September 6, 2016

Respectfully submitted,

_____/s/_____

Michael Tremonte
Valerie A. Gotlib
Emily Burgess
Sher Tremonte LLP
80 Broad Street, 13th Floor
New York, NY 10004
(212) 202-2600

*Attorneys for David Schwartz*

10